|2FOIL, Judge.
This appeal challenges the action of the trial court in issuing a permanent injunction enjoining the Department of Revenue and Taxation from enforcing the provisions of a rule it adopted without complying with the requirements of the Louisiana Administrative Procedure Act. Based on our decision in a companion case decided this day entitled Star Enterprise v. State, Department of Revenue and Taxation, 95-1980 (La.App. 1 Cir. 6/28/96); 676 So.2d 827, we affirm.
BP Oil and Exploration, Inc. filed this petition seeking injunctive relief and a declaratory judgment in the Nineteenth Judicial District Court. BP Oil sought to enjoin the Department of Revenue and Taxation (Department) from enforcing the provisions of a document dated April 18, 1995, in which the Department substantially changed the method of valuation for the purpose of computing the use tax owed by BP Oil on the use of refinery gas and coke-on-catalyst. It argued that the April 18, 1995 directive constituted a “rule” falling under the Louisiana Administrative Procedure Act’s (LAPA) rule-making requirements. It is undisputed that in issuing the April 18, 1995 directive, the Department did not comply with the procedures mandated by the LAPA.
The factual background and procedural history of this case is virtually identical to that set forth in the Star Enterprise case, and we adopt that discussion by reference herein. The only distinction in this case is that a different judge on the Nineteenth Judicial District Court entered judgment declaring the April 18, 1995 rule to be invalid and null, and issued a permanent injunction enjoining the Department from enforcing the rule.
In this appeal, the Department argues that (1) the April 18, 1995 action was not a “rule” subject to the LAPA’s rule-making requirements; (2) the trial court lacked subject matter jurisdiction to issue the injunction and was constitutionally prohibited from doing so; (3) plaintiff was not entitled to an injunction because it did not show irreparable injury and the lack Rof an adequate remedy at law; and (4) plaintiff did not satisfy its burden of proving its entitlement to a permanent injunction.
The first three challenges were thoroughly addressed by this court in the Star Enterprise case, and for the reasons contained therein, we reject the Department’s arguments.
In the only argument unique to this appeal, the Department contends that plaintiff failed to prove its entitlement to a permanent injunction by a preponderance of the evidence. The Department complains that the trial judge erred by issuing the injunction without holding a trial on the merits.
We find no merit to this argument. As we observed in Star Enterprise, it is undisputed that the Department failed to comply with any of the LAPA’s procedural requirements *238 in issuing the April 18, 1996 rule, and therefore, the rule was illegally promulgated and is invalid and without effect. Accordingly, plaintiff proved its entitlement to a permanent injunction.
Based on the foregoing, the judgment appealed from is affirmed. All costs are assessed against the Department of Revenue and Taxation in the amount of $471.97.
AFFIRMED.